UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO SANDERS, *et al.*,          : CIVIL NO: 3:09-CV-01384
                                     :
                Plaintiffs           :
                                     : (Judge Caputo)
          v.                         :
                                     : (Magistrate Judge Smyser)
JEFFREY A. BEARD, *et al.*,          :
                                     :
                Defendants           :

**<u>ORDER</u>**

I. Background.

On July 16, 2009, the plaintiffs[1] commenced this action
by filing a complaint. The plaintiffs claim that certain
conditions of their confinement as prisoners at the State
Correctional Institution at Smithfield (SCI-Smithfield) violate
their constitutional rights.

---

1. The complaint was brought by twelve plaintiffs. However, by an
Order dated October 20, 2009, six of the twelve plaintiffs were
dismissed after failing to comply with an order to file proper *in
forma pauperis* forms. Thus, there are only six plaintiffs
remaining. Five of the six plaintiffs are incarcerated at SCI-
Smithfield. One of the plaintiffs is no longer incarcerated at
SCI-Smithfield; Rather, he is incarcerated at a prison in
Massachusetts.

The plaintiffs allege that there is inadequate ventilation at the prison and that they are exposed to mold, viruses and excessive dust, dirt and smoke. The plaintiffs allege that there are scabie and methicillin-resistant staphylococcus aureus outbreaks in the prison. The plaintiffs allege that as a result of these conditions they suffer asthma, bronchitis, rhinitis, COPD, sinusitis, emphysema, conjunctivitis and other medical problems. The plaintiffs allege that the defendants knowingly housed them in unsafe and life-threatening conditions. Plaintiff Bullock also claims that he was transferred to unsanitary cells in retaliation for filing grievances and lawsuits and for complaining about the conditions at SCI-Smithfield.

This Order addresses three motions currently pending in this case. Before we address those motions, however, we address an issue regarding service of court orders on the plaintiffs.

II. Service Issue.

The plaintiffs filed a motion for the appointment of counsel. By an Order dated September 25, 2009, we

conditionally granted the plaintiffs' motion for the appointment of counsel.  In the order of September 25, 2009, we ordered that a copy of the order be sent to Stephen M. Greecher, Jr., Esquire, the *pro bono* chair of the Middle District Chapter of the Federal Bar Association.  In the order we requested that Mr. Greecher inform the court within sixty days whether an attorney will enter his or her appearance on behalf of the plaintiffs or, in the alternative, that no panel attorney accepts the appointment.

A review of the docket sheet revealed that there was no notation that the Order of September 25, 2009 was served on Mr. Greecher.  By an Order dated October 26, 2009, we ordered that the Clerk of Court send Mr. Greecher a copy of the Order of September 25, 2009 and we directed Mr. Greecher to inform the court within sixty days whether an attorney will enter his or her appearance on behalf of the plaintiffs or, in the alternative, that no panel attorney accepts the appointment.

By a letter dated December 16, 2009, Mr. Greecher informed the court that he has not been successful in finding counsel to represent the plaintiffs in this case.

Given that an attorney has not been found to represent
the plaintiffs in this case, by an Order dated December 18,
2009, we vacated the order conditionally granting the
plaintiffs' motion for the appointment of counsel and denied
the motion for appointment of counsel.

A review of the docket sheets reveals that after the
Order of October 26, 2009, the Clerk of Court inserted Mr.
Greecher's name on the docket as the attorney for the
plaintiffs.  As to plaintiff Sanders, the Clerk of Court
inserted Mr. Greecher's name as the attorney in addition to Mr.
Sanders himself.  However, as to plaintiffs Stewart, Williams,
Bullock, Bowen and Diaz, the Clerk of Court inserted Mr.
Greecher's name as the attorney and deleted the plaintiffs'
names.  Thus, it appears that plaintiffs Stewart, Williams,
Bullock, Bowen and Diaz have not been served with the orders
issued by the Court after the Order of October 26, 2009.  We
will direct the Clerk of Court to correct the docket to reflect
that Mr. Greecher does not represent the plaintiffs.  We will
also direct the Clerk of Court to serve on plaintiffs Stewart,
Williams, Bullock, Bowen and Diaz copies of the orders (docs.

68, 79 & 85) issued by the court after the Order of October 26, 2009.

III.  Motion to Furnish Documents.

On October 6, 2009, plaintiff Bowen filed a motion to furnish documents and, on October 13, 2009, he filed a brief in support of that motion.  In his motion, plaintiff Bowen seeks an order directing the prothonotary to furnish certain documents to him.

There is no prothonotary in the federal court system. We construe plaintiff Bowen's reference to the prothonotary to be a reference to the Clerk of Court.  However, with the exception of copies of documents filed in this case[2], there is no basis for a plaintiff to seek documents from the Clerk of Court.  Pursuant to the discovery rules - Federal Rules of Civil Procedure 26 through 37 - the plaintiff should direct his

---

2.  Plaintiff Bowen requests a copy of the complaint filed in this case and any amended complaints.  No amended complaint has been filed.  The plaintiff may obtain copies of documents filed in this case from the Clerk of Court by paying fifty cents per page for copies.  The complaint in this case consists of twenty-eight pages.

request for the production of documents to the defendants. The court generally will not become involved in the discovery process until there has been a request for discovery made pursuant to the Federal Rules of Civil Procedure, a failure to respond or an inadequate response to the request for discovery and a motion to compel discovery. What the plaintiff filed is a discovery request not a proper motion to compel discovery. Accordingly, plaintiff Bowen's motion to furnish documents will be denied.

IV.  Defendants' Motion to Stay Discovery.

On November 16, 2009, the defendants filed a motion to stay discovery and a brief in support of that motion. The motion seeks an order staying discovery pending notification from Mr. Greecher regarding whether an attorney will accept an appointment in this case to represent the plaintiffs.

After Mr. Greecher informed the court that counsel could not be found to represent the plaintiffs, by an Order dated December 18, 2009, we vacated the order conditionally granting the plaintiffs' motion for the appointment of counsel

and denied the motion for appointment of counsel.  Thus, the defendants' motion to stay discovery pending notification from Mr Greecher regarding the appointment of counsel is moot and will be denied.

V.  Motion for a Temporary Restraining Order and/or
    Preliminary Injunction.

On November 20, 2009, plaintiffs Bullock, Sanders and Stewart filed a motion for a temporary restraining order and/or a preliminary injunction and a brief in support of that motion.[3]   These plaintiffs seek an order directing defendants Beard and Smeal to transfer them to other prisons (Bullock to SCI-Graterford or SCI-Chester, Sanders to SCI-Graterford, and Stewart to SCI-Chester).

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the

_____

3.  The motion is also purportedly brought on behalf of plaintiff Bowen. The motion also mentions plaintiff Williams.  However, neither plaintiff Bowen nor plaintiff Williams has signed the motion.  Although the plaintiffs have brought this action together as plaintiffs, the plaintiffs are not attorneys and therefore they can not represent one another.

merits of the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)). The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582. "Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id.*

In addition to the above standards, when considering a prisoner's request for a preliminary injunction the court must adhere to 18 U.S.C. § 3626, which provides, in part:

**(2) Preliminary injunctive relief.** - In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

The plaintiffs contend that the conditions at SCI-Smithfield are unsafe and life threatening. Specifically the plaintiffs contend that the poor air quality at SCI-Smithfield is making them sick and that they are being denied proper medical treatment. In support of their motion, the plaintiffs have submitted copies of numerous requests to staff by

plaintiff Bullock complaining about the conditions.  Also, plaintiffs Bullock and Sanders have filed declarations.

Plaintiff Sanders states in his declaration that there is visible mold on the HVAC exhaust and intake vents as SCI-Smithfield.  He states that staff wipe the face plates of the vents but in a matter of days the mold returns.  He also states that all windows at SCI-Smithfield are airtight, sealed and can not be opened.  Plaintiff Sanders states that SCI-Smithfield is infested with mold, dust mites and bacteria.  He states that he has been exposed to scabies or other parasitic mites.  He states that a bacteria continues to get into his blood stream and adversely affects his organs, respiratory system and digestive system.  He states that has been exposed to infectious diseases including upper respiratory tract infections, bronchitis and chronic sinusitis.  He alleges that he has had nose bleeds, chronic colds, head and chest infections, fever, fatigue and chronic itching of the eyes, throat and skin.  He also states that he has developed chronic sinusitis and serious symptomatic allergies to dust, cold air, mold, dust mites, tobacco smoke, and the smell of chemical cleaning agents.  He states that he takes daily allergy pills.

Plaintiff Bullock states in his declaration that since being in the custody of the defendants he has been exposed to a myriad of diseases including tuberculosis, extra pulmonary tuberculosis, asthma, bronchitis, chronic obstructive pulmonary disease, pneumonia, and chronic sinusitis. He states that all windows at SCI-Smithfield are airtight, sealed and can not be opened. Plaintiff Bullock states that SCI-Smithfield is infested with mold, dust and germs. He states that he has been exposed to scabies. He states that a bacteria continues to get into his blood stream and adversely affects his prostate, kidneys, testicles, bladder, throat, ears, eyes and digestive system. He alleges that he continues to get nose bleeds, chronic colds, head and chest infections, fever, fatigue, throat infections including chronic tonsilitis, chronic itching, and chronic lung and airway disease. He also states that he has developed serious symptomatic allergies to dust, cold air, mold, dust mites, tobacco smoke, and certain chemical cleaning agents. He states that these increase his asthma, COPD and bronchitis. He states that since being housed at SCI-Smithfield he has gotten worse. He states that after he spoke with inspectors from the American Correctional Association Standards and Accreditation Department about the

conditions at SCI-Smithfield he was transferred to filthy cells that are visibly infested with mold and that are without adequate ventilation, plumbing, lighting, fresh air or heat.

On November 30, 2009, the defendants filed a brief in opposition to the motion for a temporary restraining order and/or preliminary injunction.  The defendants argue that it is unlikely that the plaintiffs will prevail on the merits of their claims.  They assert that the plaintiffs have not presented evidence in support of their allegations other than their own self-serving and uncorroborated testimony.  They assert that the plaintiffs have not presented any expert testimony or medical evidence.  The defendants also assert that the responses of prison staff to the numerous request slips submitted by plaintiff Bullock belie any argument by the plaintiffs that the defendants have not been responsive. Further, the defendants assert that the plaintiffs are not entitled to dictate the situs of their incarceration.[4]  The

---

4.  In a footnote, the defendants assert that plaintiff Bullock is an abusive litigator and that he may not proceed under the Prison Litigation Reform Act absent a credible allegation of imminent danger of serious physical injury.  They assert that plaintiff Bullock's assertions are not credible.  However, the defendants
(continued...)

defendants do not refer to any evidence that addresses air quality at SCI-Smithfield.

On December 11, 2009, the plaintiffs filed a reply brief. They attached numerous sick call slips submitted by plaintiff Bullock as well as numerous grievances submitted by the plaintiffs and the responses to those grievances. Plaintiff Bullock also filed another declaration essentially setting forth the same assertions as his earlier declaration.

We will schedule a hearing on the plaintiffs' motion for preliminary injunctive relief.

VI.  Order.

**IT IS ORDERED** that the Clerk of Court is directed to correct the docket to reflect that Mr. Greecher does not represent the plaintiffs and the Clerk of Court is directed to serve on plaintiffs Stewart, Williams, Bullock, Bowen and Diaz copies of documents 68, 79 & 85.  **IT IS ORDERED** that plaintiff Bowen's motion (doc. 58) to furnish documents is **DENIED.  IT IS**

---

4.  (...continued)
have not filed a motion to revoke plaintiff Bullock's *in forma pauperis* status.

**FURTHER ORDERED** that the defendants' motion (doc. 69) to stay discovery is **DENIED AS MOOT.  IT IS ORDERED** that a hearing on the plaintiffs' motion (doc. 72) for preliminary injunctive relief shall be held on January 25, 2010, at 9:30 a.m.,  in Courtroom No. 5, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  Writs of habeas corpus ad testificandum shall be issued to secure the presence of plaintiffs Bullock, Sanders and Stewart at the hearing.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  December 22, 2009.