UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO SANDERS, *et al.*,          : CIVIL NO: 3:09-CV-01384
                                     :
                Plaintiffs           :
                                     : (Judge Caputo)
          v.                         :
                                     : (Magistrate Judge Smyser)
JEFFREY A. BEARD, *et al.*,          :
                                     :
                Defendants           :


**REPORT AND RECOMMENDATION**

I. Background.


        On July 16, 2009, the plaintiffs[1] commenced this action

by filing a complaint.  The plaintiffs claim that certain

conditions of their confinement as prisoners at the State

Correctional Institution at Smithfield (SCI-Smithfield) violate

their constitutional rights.


        The plaintiffs allege that there is inadequate

ventilation at the prison and that they are exposed to mold,

viruses and excessive dust, dirt and smoke.  They allege that

---

1.  The complaint was brought by twelve plaintiffs.  However, by an
Order dated October 20, 2009, six of the twelve plaintiffs were
dismissed after failing to comply with an order to file proper *in
forma pauperis* forms.  Thus, there are only six plaintiffs
remaining.

there are scabie and methicillin-resistant staphylococcus
aureus outbreaks in the prison.  They allege that the
ventilation system is inadequate.  The plaintiffs allege that
as a result of these conditions they suffer asthma, bronchitis,
rhinitis, COPD, sinusitis, emphysema, conjunctivitis and other
medical problems.  They allege that the defendants knowingly
housed them in unsafe and life-threatening conditions.  They
allege that the defendants denied them proper medical care for
their symptoms.  Plaintiff Bullock also alleges that he was
transferred to unsanitary cells in retaliation for filing
grievances and lawsuits and for complaining about the
conditions at SCI-Smithfield.

        This Report and Recommendation addresses four motions
currently pending in this case.

II.  Motion for Reconsideration.

        On December 21, 2009, three of the inmates who had been
dismissed from this action after failing to comply with an
order to file proper *in forma pauperis* forms filed a motion for
reconsideration and a brief in support of that motion.  On
December 30, 2009, the defendants filed a brief in opposition

2

to the motion for reconsideration.  No reply brief has been
filed.

The three inmates - Mikal Roberts, Yul Hayward and
Bennie Tabb, III - indicate in their motion that they are
seeking reconsideration of an Order dated September 25, 2009
dismissing them from the case for failure to submit
applications to proceed *in forma pauperis*.  However, there is
no order dated September 25, 2009 dismissing them from this
case.  Rather, on September 25, 2009, the undersigned issued a
Report and Recommendation recommending that those inmates and
others be dismissed.  By an Order dated October 20, 2009, Judge
Caputo adopted that Report and Recommendation and dismissed the
inmates from the case.

The motion for reconsideration was not filed within the
time set forth in Local Rule 7.10 for filing motions for
reconsideration.[2]

---

2.  At the relevant time, Local Rule 7.10 provided that any motion
for reconsideration must be filed within ten days after entry of
the order concerned.  Effective December 1, 2009, the deadline in
Local Rule 7.10 for filing a motion for reconsideration was changed
from ten days after entry of the order concerned to fourteen days
(continued...)

Moreover, contrary to the inmates' contention, there is no evidence that they complied with the Administrative Order dated August 3, 2009. The Administrative Order dated August 3, 2009 required the inmates to either pay the filing fee or complete and return the court's standard application to proceed *in forma pauperis* and authorization form for having funds, when available, withdrawn from the inmate's account. Those two forms were attached to the administrative order. The inmates have presented evidence that they requested prison officials to send to the court copies of their prison account statements. Those account statements were received by the court. *See Docs. 34, 38 & 41.* However, the inmates have not presented any evidence that they attempted to comply with the Administrative Order by attempting to file the court's standard application to proceed *in forma pauperis* and authorization form.

Given that the inmates did not comply with the Administrative Order of August 3, 2009, it will be recommended that the motion for reconsideration be denied.

_____

2.  (...continued)
after entry of the order concerned.

III.  Partial Motion to Dismiss.

On January 13, 2010, the defendants filed a partial motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and a brief in support of that motion.  The plaintiffs filed a brief in opposition on February 17, 2010.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim

showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,*

6

*supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at

570). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be

liberally construed and "'however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted

by lawyers.'" *Erickson*, *supra,* 551 U.S. at 94 (quoting *Estelle

v. Gamble,* 429 U.S. 97, 106 (1976)).

The complaint contains three categories of claims:

Eighth Amendment claims regarding the conditions at SCI-

Smithfield; Eighth Amendment claims regarding lack of medical

care; and a First Amendment retaliation claim by plaintiff

Bullock. We briefly set forth the law applicable to each

category of claims.

Conditions of confinement may rise to the level of an Eighth Amendment violation. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Unnecessary and wanton inflictions of pain include those that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002).

An Eighth Amendment claim gives rise to a two prong analysis. Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that

inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope, supra,* 536 U.S. at 738.

Denial of medical care can also constitute an Eighth Amendment violation. In order for a prisoner to state a viable Eighth Amendment medical claim he must allege that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

9

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id*. (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated

by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Retaliation for exercising constitutional rights may itself be a constitutional violation. A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove that: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002). "Once a prisoner has made his *prima facie* case, the burden shifts to the defendant to prove by a preponderance of the evidence that [he of she] 'would have made the same decision absent the protected conduct for reasons reasonably related to penological

interest.'" *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 334 (3rd Cir. 2001)).

Defendants Beard, Dorina Varner[3], Dreibelbis, Smeal, Royer, Flick and Norvell contend that the plaintiffs have not shown either deliberate indifference or personal involvement on their part and that, therefore, the claims against them should be dismissed.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint

---

3. The complaint names as a defendant Art Varner, identified as a facility maintenance manager at SCI-Smithfield. The complaint also names as a defendant the Chief Grievance Coordinator for the Pennsylvania Department of Corrections. The defendants identify Dorina Varner as the Chief Grievance Coordinator.

must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The complaint identifies each defendant. The complaint also contains conclusory allegations that each of the defendants is directly involved in the violations alleged and that each of the defendants failed to protect the plaintiffs from a known risk of harm causing the plaintiffs injury. *Doc. 1* at ¶¶ 26 & 27. The complaint also contains numerous allegations that lump all of the defendants together without differentiating between the defendants. Such conclusory and undifferentiated allegations are not sufficient to allege personal involvement on the part of individual defendants. Since the complaint does not contain non-conclusory factual allegations which would lead to a reasonable inference that defendants Beard, Dorina Varner, Dreibelbis, Royer, Flick and Norvell were personally involved in the alleged violations of the plaintiffs' rights we conclude that the complaint fails to state a claim upon which relief may be granted against those defendants.

The complaint does contain factual allegations regarding defendant Smeal being informed of the conditions of plaintiff Bullock's cells. *See Doc. 1* at ¶71("Prior to being moved to cell B26, plaintiff Bullock made numerous attempts to be moved, however, defendant Smeal and Morder denied every request for no reason, except to say "No".); ¶79 ("Plaintiff Bullock made several requests addressed to defendants Moyer, Greenland, and Smeal asking to be moved out of the cell because the conditions were intolerable and causing physical and mental injuries."); ¶85 ("Plaintiff Bullock brought the conditions of the new cell to the attention of defendants Smeal, Morder, and his block officers, with sufficient frequency."). These allegations combined with the allegations of the conditions of the cells raise a reasonable inference that defendant Smeal was on notice of the alleged harmful conditions and that he failed to take reasonable action to correct those alleged conditions. Given these allegations, we conclude that plaintiff Bullock states an Eighth Amendment conditions-of-confinement claim against defendant Smeal upon which relief may be granted. However, there are no allegations regarding defendant Smeal that relate to any of the plaintiffs' medical care claims or plaintiff Bullock's retaliation claim. Accordingly, the

complaint fails to state an Eighth Amendment medical care claim or a retaliation claim upon which relief may be granted against defendant Smeal.

We will recommend that the defendants' partial motion to dismiss be granted in part and denied in part. We will recommend that all claims against defendants Beard, Dorina Varner, Dreibelbis, Royer, Flick and Norvell be dismissed and that all claims against defendant Smeal be dismissed with the exception of plaintiff Bullock's Eighth Amendment conditions-of-confinement claim.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.*

We can not say that amendment would be inequitable or futile in this case. Thus, we will recommend that the

plaintiffs be granted leave to file an amended complaint.  Any

amended complaint must be complete in all respects.  It must

contain all of the plaintiffs' claims against all of the

defendants.  It shall be a new pleading which stands by itself

as an adequate complaint without reference to the complaint

already filed.  It shall not incorporate by reference any part

of the original complaint.  Any amended complaint must be

titled as an amended complaint and must contain the docket

number of this case.


IV.   Motion for a Temporary Restraining Order and/or
      Preliminary Injunction filed by Plaintiffs Bullock,
      Sanders and Stewart.


      On November 20, 2009, plaintiffs Bullock, Sanders and

Stewart filed a motion for a temporary restraining order and/or

a preliminary injunction and a brief in support of that

motion.[4]   These plaintiffs seek an order directing defendants

Beard and Smeal to transfer them to other prisons (Bullock to

_____

4.  The motion is also purportedly brought on behalf of plaintiff
Bowen. The motion also mentions plaintiff Williams.  However,
neither plaintiff Bowen nor plaintiff Williams has signed the
motion.  Although the plaintiffs have brought this action together
as plaintiffs, the plaintiffs are not attorneys and therefore they
can not represent one another.

17

SCI-Graterford or SCI-Chester, Sanders to SCI-Graterford, and Stewart to SCI-Chester).

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the merits of the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)). The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582. "Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id*.

In addition to the above standards, when considering a prisoner's request for a preliminary injunction the court must adhere to 18 U.S.C. § 3626, which provides, in part:

> **(2) Preliminary injunctive relief.** - In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

The plaintiffs contend that the conditions at SCI-Smithfield are unsafe and life threatening. Specifically the plaintiffs contend that the poor air quality at SCI-Smithfield is making them sick and that they are being denied proper medical treatment. In support of their motion, the plaintiffs submitted copies of numerous requests to staff by plaintiff

19

Bullock complaining about the conditions.  Also, plaintiffs
Bullock and Sanders filed declarations.

On November 30, 2009, the defendants filed a brief in
opposition to the motion for a temporary restraining order
and/or preliminary injunction.  The defendants argue that it is
unlikely that the plaintiffs will prevail on the merits of
their claims.  They assert that the plaintiffs have not
presented evidence in support of their allegations other than
their own self-serving and uncorroborated testimony.  They
assert that the plaintiffs have not presented any expert
testimony or medical evidence.  The defendants also assert that
the responses of prison staff to the numerous request slips
submitted by plaintiff Bullock belie any argument by the
plaintiffs that the defendants have not been responsive.
Further, the defendants assert that the plaintiffs are not
entitled to dictate the situs of their incarceration.[5]  The

---

5.  In a footnote, the defendants assert that plaintiff Bullock is
an abusive litigator and that he may not proceed under the Prison
Litigation Reform Act absent a credible allegation of imminent
danger of serious physical injury.  They assert that plaintiff
Bullock's assertions are not credible.  However, the defendants
have not filed a motion to revoke plaintiff Bullock's *in forma
pauperis* status.

defendants did not submit any evidence that addresses air quality at SCI-Smithfield.

On December 11, 2009, the plaintiffs filed a reply brief. They attached numerous sick call slips submitted by plaintiff Bullock as well as numerous grievances submitted by the plaintiffs and the responses to those grievances. Plaintiff Bullock also filed another declaration essentially setting forth the same assertions as his earlier declaration.

By an Order dated December 22, 2009, we scheduled a hearing on the plaintiffs' motion for preliminary injunctive relief. The hearing was held on January 25, 2010.

At the hearing, plaintiffs Bullock, Sanders and Stewart testified. The plaintiffs testified about the conditions at SCI-Smithfield. They testified about what they consider to be excessive dust, dirt, smoke and odors at the institution. They also testified that the institution floods and that there is mold in their cells, in the showers and in other areas of the prison. They testified about allergies they have and other medical conditions which they contend were caused by or

aggravated by the conditions at the institution.  They
presented evidence that they complained to prison officials
about the conditions.

The defendants presented evidence about how the
ventilation system at SCI-Smithfield works and about the
periodic maintenance performed on and cleaning of the system.
The defendants also presented evidence about inspections
performed at SCI-Smithfield, that those inspections have not
revealed a mold problem and that SCI-Smithfield is in
compliance with air standards promulgated by the American
Corrections Association.  The defendants also presented
evidence that the plaintiffs' institutional medical records do
not contain any notations by a medical professional that mold
or other environmental factors caused the plaintiffs' medical
conditions.

After considering the evidence presented, we conclude
that the plaintiffs are not entitled to preliminary injunctive
relief.  Assuming *arguendo* the existence of mold at SCI-
Smithfield, the plaintiffs have not presented evidence from
which we can reasonably conclude that such mold or other

environmental factors is the cause of the plaintiffs' symptoms. Accordingly, the plaintiffs have not shown a reasonable probability of success on the merits of their claims or that they will be irreparably injured if preliminary injunctive relief is not granted.    Therefore, we will recommend that the plaintiffs' motion for a temporary restraining order and/or a preliminary injunction be denied.

V. Plaintiff Bowen's Motion for a Temporary Restraining Order.

        On February 16, 2010, plaintiff Bowen filed a motion for a temporary restraining order and a brief in support of that motion.

        To the extent that plaintiff Bowen is complaining about the alleged unsanitary conditions at SCI-Smithfield, given the evidence presented by the defendants at the hearing on January 25, 2010 we conclude that plaintiff Bowen does not have a reasonable probability of success on the merits of his claims and that he will not be irreparably injured if preliminary injunctive relief is not granted.

Plaintiff Bowen also complains in his motion about other conditions at SCI-Smithfield including linens, food trays, exercise, medication and being issued fabricated misconducts, being placed on grievance restriction and having his legal materials searched.[6] Plaintiff Bowen contends that he is being retaliated against because of this action. However, he has not presented any evidence that the filing of this lawsuit was the cause of the alleged conditions or actions to which he has been subjected. Nor is there any basis to believe that he would have evidence of such a causal connection if a hearing were held.

Based on the above, we will recommend that plaintiff Bowen's motion for a temporary restraining order be denied.

VI. Recommendations.

Based on the foregoing, it is recommended that the motion (doc. 86) for reconsideration filed by Mikal Roberts,

---

6. Plaintiff Bowen contends that some of his legal property was destroyed. In response to a letter by plaintiff Bowen, on February 17, 2010, the Clerk of Court mailed plaintiff Bowen a copy of the docket sheet in this case. Reasonable requests by plaintiff Bowen for copies of pertinent documents in this case will be considered.

Yul Hayward and Bennie Tabb, III be denied and that the motions (docs. 72 & 120) for temporary restraining orders and/or preliminary injunctions be denied. It is further recommended that the defendants' partial motion (doc. 102) to dismiss be granted in part and denied in part. It is recommended that all claims against defendants Beard, Dorina Varner, Dreibelbis, Royer, Flick and Norvell be dismissed and that all claims against defendant Smeal be dismissed with the exception of plaintiff Bullock's Eighth Amendment conditions-of-confinement claim. It is recommended that the plaintiffs be granted leave to file an amended complaint. Finally, it is recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: March 9, 2010.