# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO SANDERS, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-1384 |
| v. | (JUDGE CAPUTO) |
| JEFFREY A. BEARD, et al.., | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## MEMORANDUM ORDER

Before me is Plaintiff John Diaz's ("Diaz") Motion for Preliminary Injunction. (ECF No. 138.) In this motion, Diaz asserts that he was formerly the cell mate of co-plaintiff Lamont Bullock ("Bullock") and that he was transferred to a correctional institution in Massachusetts to "severely hinder" his ability to litigate this action. (*Id.* at 1.) Diaz seeks an "order that the [he] be immediately returned to a Pennsylvania state correctional institution, from the state of Massachusetts." (*Id.* at 1.)[1] When considering a request for immediate injunctive relief, a court must carefully weigh four factors: (1) that there is a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the court denies relief; (3) that even greater harm will not befall the non-moving party if the court should grant relief; and (4) that granting preliminary relief will be in the public interest. *Forum For Academic and Institutional Rights v. Rumsfeld*, 390 F.3d 219, 228 (3d Cir. 2004). Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A. T. & T. Co. v.*

---

[1] As a threshold matter, it must be noted that prisoners have no constitutional rights to be held in a particular institution, and that prison officials have administrative authority to transfer inmates from one institution to another with limited judicial oversight. *Flanagan v. Shively*, 783 F. Supp. 922, 933-34 (M.D. Pa. 1992).

*Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

Diaz's motion fails to satisfy the first prong of the preliminary injunction analysis, reasonable probability of success on his claim. Diaz claims that he was transferred by prison officials to prevent him from effectively litigating in this case. He argues that by being transferred out of Pennsylvania, he will be limited in his ability to conduct necessary legal research. However, this litigation concerns *federal* law, not Pennsylvania law, and Diaz provides no reason why this type of research would not be accessible in his current institution. Similarly, there is no assertion that he will be unable to communicate with this Court from his current location. *See Flanagan v. Shively*, 783 F.Supp. 922, 934 (M.D. Pa. 1992) (rejecting prisoner's argument that transfer to another state defeats access to the courts). Indeed, he has filed this motion from his present institution. Diaz also argues that he needs to be housed with former cell mate Bullock to litigate this action. Co-plaintiff Bullock, however, is not Diaz's counsel in this matter. Parties acting *pro se* who are not attorneys may only act on their own behalf, not on behalf of others, and thus Diaz does not require Bullock's assistance. Because Diaz's motion fails to establish that his transfer prevents him from litigating this matter, his motion for a preliminary injunction will be denied.

**NOW**, this __20th__ day of July, 2010, **IT IS HEREBY ORDERED** that Plaintiff John Diaz's Motion for Preliminary Injunction (ECF No. 138) is **DENIED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge