# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO SANDERS, et al.,

   Plaintiffs,

      v.

JEFFREY A. BEARD, et al..,

   Defendants.

CIVIL ACTION NO. 3:09-CV-1384

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Smyser (ECF No. 140), and Plaintiffs' objections to the R&R. The R&R recommends dispositions for four pending motions: (1) Plaintiffs Alphonso Sanders ("Sanders"), Lamont Bullock ("Bullock"), Steve Stewart's ("Stewart") Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 72);[1] (2) Plaintiffs Mikal Roberts ("Roberts"), Bennie Tabb, III, ("Tabb"), and Yul Hayward's ("Hayward") Motion for Reconsideration Pursuant to Rule 59(e) or Rule 60(b) (ECF No. 86); (3) Defendants' Motion Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss *Less Than All* the Claims Set Forth in Plaintiffs' Complaint (ECF No. 102); and (4) Plaintiff Dwight Bowen's ("Bowen") Supplemental TRO Motion (ECF No. 120). For the reasons discussed below, the R&R will be adopted, and the motions will be granted in part and denied in part. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question).

---

[1] This motion also mentions Plaintiffs Bowen and Williams, but neither of them signed the motion. Because Plaintiffs are not attorneys, they may not file documents on each other's behalf, and thus this motion will be considered only as to the signing Plaintiffs.

1

**BACKGROUND**

**I.      Factual Background**

The facts alleged in Plaintiffs' Complaint are as follows:

Plaintiffs Sanders, Roberts, Tabb, Hayward, Bullock, Stewart, Bowen, John Diaz ("Diaz"), George Ortiz ("Ortiz"), Christopher Stevenson ("Stevenson"), and Andre Robinson ("Robinson") were inmates confined at the Pennsylvania State Correctional Institution Smithfield (hereinafter "SCI-Smithfield").  (Compl. ¶¶ 1-12, ECF No. 1.)  As a result of the conduct discussed below, Plaintiffs have suffered a multitude of injuries.  (*Id.* ¶ 32.)

Defendant Jeffrey Beard ("Beard") was the Secretary of Corrections.  (Compl. ¶ 13.)  Defendant Paul Smeal ("Smeal") was the Superintendent of SCI-Smithfield.  (*Id.* ¶ 14.)  Defendant F.R. Royer ("Royer") was the Deputy Superintendent of Facility Management at SCI-Smithfield.  (*Id.* ¶ 15.)  Defendants Art Varner ("A. Varner"), William Felton ("Felton"), and Tim Greenland ("Greenland") were Facility Maintenance managers at SCI-Smithfield.  (*Id.* ¶¶ 16-17, 20.)  Defendant James Fouse ("Fouse") was Safety manager at SCI-Smithfield.  (*Id.* ¶ 18.)  Defendants Bill Flick ("Flick") and Bill Novell ("Novell") were employed to perform maintenance repair at SCI-Smithfield.  (*Id.* ¶ 21.)  Defendant William Dreibelbis ("Dreibelbis") was the Health Care Administrator at SCI-Smithfield.  (*Id.* ¶ 23.)  Defendant Dorina Varner ("D. Varner") was the Chief Grievance Coordinator at SCI-Smithfield.  (*Id.* ¶ 24.)[2]  Each Defendant is responsible for providing Plaintiffs with a safe prison environment.  (*Id.* ¶ 103.)

---

[2]  Defendant D. Varner is identified in the Complaint only by her position as "Chief Grievance Co-ordinator."  (Compl. ¶ 24.)  Defendants identify her as the person who held this position.  (Br. in Support 3, ECF No. 103.)

2

A. Conditions of Confinement

For more than fifteen (15) years, SCI-Smithfield has had problems with water damage and plumbing leakages. (Compl. ¶ 33.) Defendants have required Plaintiffs to live and work in buildings "that are sinking and 'Mold Infested' due from years of flooding and water damage." (*Id*. ¶ 29.) Defendants concealed these problems from inspectors by having inmates clean with Tylex, bleach, and other chemicals before they arrived. (*Id*. ¶ 35.) Otherwise, inmate housing units are not properly cleaned. (*Id*. ¶ 52.) Defendants were told by a masonry contractor that SCI-Smithfield "was a death trap" and that "the buildings could collapse at anytime." (*Id*. ¶¶ 37-38.) Additionally, SCI-Smithfield has an inadequate ventilation system that causes "Sick Building Syndrome," causes moisture to develop in the inmates' cells, and has other biological and environmental contaminants such as: second-hand tobacco smoke, viral and bacteria infections, stale air, odorous smells, unusual amounts of dust, soot, dirt, and felt-like lint. (*Id*. ¶¶ 29, 39.) The cell blocks have no opening windows, and as a result fresh air is never brought into the cells. (*Id*. ¶ 40.)

B. Medical Care

Defendants have also denied Plaintiffs proper medical care and arbitrarily deny their grievance complaints to deprive them of access to the courts. (Compl. ¶ 30.) Plaintiff Bullock has been to sick call numerous times to get treatment for mold exposure and related symptoms. (*Id*. ¶ 97.) It took nearly three (3) years for Bullock to receive the correct treatment. (*Id*. ¶ 97.)

C. Retaliation

As a result of Plaintiff Bullock speaking to the American Correctional Association Standards and Accreditation Department, he was retaliated against by being moved from his

3

assigned cell to a mold infested cell. (Compl. ¶¶ 63-67.) When Bullock requested to be moved to another cell, Defendant Smeal denied these requests for no reason. (*Id*. ¶ 71.) Defendant A. Varner inspected the cell, and told Bullock that he would have maintenance take care of the problem. (*Id*. ¶ 73.) Ultimately, the damaged plumbing was repaired (*Id*. ¶ 75) and the mold was sprayed (*Id*. ¶¶ 76-77). After the cell was repaired, Bullock was moved to another cell which had the same inhumane conditions. (*Id*. ¶ 83.) Bullock brought the conditions of this new cell to Defendants Smeal's attention. (*Id*. ¶ 85.) Minimal repairs were made forty-nine (49) days later. (*Id*. ¶ 92.)

## II.     Procedural Background

Plaintiffs filed their Complaint in the United States District Court for the Middle District of Pennsylvania on July 16, 2009. (ECF No. 1.) Along with the Complaint, many of the Plaintiffs filed separate motions for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2-11.) These IFP applications failed to use the required forms for the Middle District of Pennsylvania, and on August 3, 2009, an administrative order directed the Plaintiff to file proper forms within thirty (30) days. (ECF No. 14.) On September 25, Magistrate Judge Smyser issue a R&R recommending that the claims of Plaintiffs Hayward, Roberts, Ortiz, Stevenson, and Robinson be dismissed for failure to file the required IFP forms, and the original IFP motions were denied as moot. (ECF Nos. 51-52.) This Court adopted the R&R on October 20, 2009, and dismissed the claims of Plaintiffs Hayward, Roberts, Ortiz, Stevenson, and Robinson for failure to file proper IFP forms or otherwise pay the requisite filing fee. (ECF No. 62.)

On November 20, 2009, Plaintiffs Sanders, Bullock, and Stewart filed a motion for a preliminary injunction or temporary restraining order ("TRO"). (ECF No. 72.) A hearing was held by Magistrate Judge Smyser on this motion on January 25, 2010. (ECF No. 112.) Plaintiffs Hayward, Roberts, and Tabb filed a motion to reconsider this Court's order (ECF No. 51) dismissing them from this action on December 21, 2009. (ECF No. 86.) On January 13, 2010, Defendants filed their motion to dismiss a portion of Plaintiffs' claims. (ECF No. 102.) Plaintiff Bowen filed a separate motion for a TRO on February 16, 2010. (ECF No. 120.) Magistrate Judge Smyser filed the present R&R on March 10, 2010. (ECF No. 140.) Plaintiffs have objected to the recommendations of the R&R, and each of the motions discussed herein is now ripe for disposition.

## LEGAL STANDARD

### I. Review of Report and Recommendation

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (McClure, J.). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a

5

magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

## II.    Motion for Reconsideration

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised

6

prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## III.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). In particular, a complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation and citation omitted).

**IV.    Preliminary Injunction and Temporary Restraining Order**

Rule 65 of the Federal Rules of Civil Procedure governs the grant or denial of preliminary injunctions and temporary restraining orders.  It provides, in relevant part, that:

> A temporary restraining order may be granted without . . . notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by the affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition.

FED. R. CIV. P. 65(b). Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A. T. & T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight*, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way or protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. *Id.*  "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

## DISCUSSION

The R&R presently before this Court makes three separate recommendations.  First, it recommends that Plaintiffs Roberts, Tabb, and Hayward's Motion for Reconsideration

(ECF No. 86) be denied.  Second, it recommends that Defendants' motion to partially dismiss Plaintiffs' claims (ECF No. 102) be granted in part and denied in part.  Third, it recommends that Plaintiffs Bullock, Sanders, and Stewart's motion for a preliminary injunction (ECF No. 72) and Plaintiff Bowen's Motion for a TRO (ECF No. 120) be denied. Plaintiffs have filed objections to each of these recommendations, and thus I will review *de novo* each of the motions.

I.      **Motion for Reconsideration (ECF No. 86)**

Plaintiffs Roberts, Tabb, and Hayward's motion requests that this Court reconsider its order dismissing them from this action.  (ECF No. 51.)[3]  This Court adopted Magistrate Judge Smyser's R&R and dismissed the claims of these Plaintiffs on October 20, 2009.  (*Id.*) At that time, Local Rule 7.10 required any motion for reconsideration to be filed within ten (10) days of the date of the order concerned.  M.D. Pa. Local Rule 7.10 (2009).[4]  Plaintiffs did not file this motion for reconsideration until December 21, 2009, over two (2) months later.  (ECF No. 86.)  Therefore, Plaintiffs' motion for reconsideration was filed well beyond the permitted time frame.  Furthermore, Plaintiffs were dismissed for failure to comply with this Court's August 3, 2009, administrative order requiring them to file proper IFP applications within thirty (30) days, thus they had been in violation of this Court's order for

---

[3] Plaintiffs identify Magistrate Judge Smyser's September 25, 2009, R&R (ECF No. 52) as the order dismissing them from the present action.  The Court will interpret this as a motion to reconsider this Court's October 20, 2009, order adopting the R&R, as that is the order that dismissed them from this action.

[4] The Court notes that on December 1, 2009, new timing requirements came into effect and that Local Rule 7.10 now permits a motion for reconsideration to be filed within fourteen (14) days.  At the time of this Court's order dismissing these Plaintiffs, however, this new time frame was not yet in effect.

10

an even longer period. While parties acting *pro se* are given leeway in certain requirements, they are not excused from complying with court orders and the local rules of court.

Even if this Court excused Plaintiffs' failure to file their motion within the allotted time frame and permitted the present motion be filed *nunc pro tunc*, the motion would still be denied. Plaintiffs first argue that new evidence is available that was not available at the time of that motion, specifically, that they have now filed proper IFP applications. (Mot. for Reconsideration 1, ECF No. 86.) A proper IFP applications requires two parts: (1) a proper IFP form; and (2) an authorization from the prisoner. M.D. Pa. Local Rule 4.7(a); *see* 28 U.S.C. § 1915. While Plaintiffs have subsequently filed authorization forms or similar documents (ECF Nos. 34, 38, 41, 208), as of the date of this opinion they have still failed to satisfy the first requirement by filing proper IFP applications. Thus, no change of factual circumstances has occurred that would alter this Court's determination as to Plaintiffs' status. Plaintiffs' next argue that this Court committed a clear error of law when it dismissed them. There was nothing erroneous about dismissing parties who had neither paid a filing fee nor were granted IFP status. Furthermore, this merely reargues their prior position and a motion for reconsideration may not be used to relitigate a point decided against a party. *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). The R&R will be adopted, and Plaintiffs' motion for reconsideration will be denied.

## II.     Motion to Dismiss (ECF No. 102)

Defendants' motion to dismiss seeks to dismiss all claims against Defendants Beard, D. Varner, Dreibelbis, Royer, Smeal, Flick, and Norvell because the Plaintiffs' Complaint fails to state claims against them. Specifically, Defendants argue that Plaintiffs' claims fail to allege that these Defendants were deliberately indifferent to Plaintiffs' alleged constitutional

violations. Plaintiffs make three separate claims: (1) that the conditions of confinement at SCI-Smithfield violated their Eighth Amendment rights; (2) that the denial of adequate medical care violated their Eighth Amendment rights; and (3) that Plaintiff Bullock has been retaliated against for exercising his First Amendment rights. The R&R recommends that the Defendants' motion be granted, except as to Plaintiff Bullock's Eighth Amendment conditions of confinement and First Amendment retaliation claims against Defendant Smeal. (R&R 16, ECF No. 140.) I will consider the sufficiency of the allegations in each claim seriatim.

A. Conditions of Confinement

The Eighth Amendment's prohibition on cruel and unusual punishment applies to unnecessary and wanton infliction of pain on incarcerated individuals. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation omitted). To sufficiently allege an Eighth Amendment conditions of confinement claim, a plaintiff must allege: (1) that the deprivation is sufficiently serious; and (2) that the defendant was deliberately indifferent to this deprivation. *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-303 (1991)). As to the first component, the Eight Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As to the second, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Defendants' do not argue that Plaintiffs fail to allege sufficiently serious deprivations. Instead, Defendants argue that there are insufficient factual allegations of deliberate indifference against them.

12

In order to state a claim for which relief may be granted, Plaintiffs must allege facts demonstrating that *each Defendant* was deliberately indifferent to the conditions of their confinement. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A plaintiff's complaint must contain averments of the involvement of each defendant in the conduct which caused a violation of their rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As to Defendants Beard, D. Varner, Dreibelbis, Royer, Smeal, Flick, and Norvell, Plaintiffs make no factual allegations as to what any of them did, or failed to do, to create the allegedly unconstitutional conditions of confinement. While the Plaintiffs allege that "each of the defendants' [sic] are directly involved in the violations" (Compl. ¶ 26), such conclusory allegations may not for the basis of a claim. *Iqbal*, 129 S. Ct. at 1950 (legal conclusions must be supported by factual allegations).

Plaintiffs' only factual averment relative to this claim against these Defendants is that "Plaintiff Bullock brought the conditions of his cell to Defendant Smeal's attention." (Compl. ¶¶ 71, 85.) This factual allegation that Smeal specifically knew of the conditions, and that despite such knowledge the conditions persisted, is sufficient support Bullock's claim of deliberate indifference against Smeal. As to the remaining Plaintiffs' claims against Smeal, however, there is no such factual basis for their claims. Therefore, as to all Plaintiffs' claims against Defendants Beard, D. Varner, Dreibelbis, Royer, Flick, and Norvell, I find that Plaintiffs do not sufficiently allege a factual basis for their claims. Similarly, all Plaintiffs, except Plaintiff Bullock, fail to allege a factual basis for their claims against Defendant Smeal. I will adopt the recommendation of the R&R, and will grant in part and deny in part Defendants' motion as to this claim.

13

### B. Denial of Medical Care

Denial of medical care can also constitute an Eighth Amendment violation. To state such a claim, a plaintiff must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A serious medical need is one for which the failure to treat will result in substantial an unnecessary suffering. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Mere disagreement as to the proper treatment, however, does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). The Third Circuit Court of Appeals has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Planiter*, 182 F.3d 192, 197 (3d Cir. 1999). When a prisoner is being treated by a prison doctor, claims may not be brought against non-medical personnel unless those officials have reason to believe or actual knowledge that a prisoner is being mistreated. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

As stated above, to sufficiently allege their claims, Plaintiffs must allege that each Defendant was deliberately indifferent to their medical care. Here, as was true for the majority of Plaintiffs' conditions of confinement claims, Plaintiffs fail to allege specific conduct by the Defendants in support of their claims. Their conclusory allegations that all Defendants are responsible for Plaintiffs' healthcare are insufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Plaintiffs' only factual allegation is that it took Plaintiff Bullock three (3) years to receive the proper treatment for a given condition. This factual allegation is insufficient

to support the claims by any of the Plaintiffs. First, there are no factual allegations that the Defendants' conduct unreasonably caused the treatment process to take three (3) years. Second, there are no allegations that the medical professions committed any errors during that three (3) year period. Finally, none of the Defendants are identified as Plaintiffs' treating physicians, and as stated above when an inmate is already being treated by a prison doctor, other prison officials are not deliberately indifferent merely for failing to respond to the prisoner's continuing complaints. Therefore, I find that Plaintiffs fail to allege a factual basis for their Eighth Amendment medical care claims. The R&R will be adopted, and Defendants' motion to dismiss these claims will be granted.

C. First Amendment Retaliation

Plaintiff Bullock also alleges a separate claim for First Amendment retaliation. A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove that: (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered "adverse action" at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002). "Once a prisoner has made his *prima facie* case, the burden shifts to the defendant to prove by a preponderance of the evidence that [he or she] 'would have made the same decision absent the protected conduct for reasons reasonably related to penological interest.'" *Id.* (quotation omitted). And as discussed above, allegations must be made as to each defendant that they were either personally involved, or were deliberately indifferent, to the retaliation against the plaintiff. Plaintiff Bullock alleges that all Defendants retaliated against him or where deliberately indifferent to the retaliation. Bullock's generalized allegations against all of the

15

Defendants lack the factual allegations necessary to support a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). As to Defendant Smeal, however, Bullock specifically alleges that Smeal was involved in transferring him into a mold-infested cell as a result of exercising his constitutional rights. (Compl. ¶ 83, 85.) Therefore, as to Defendant Smeal, I find that Bullock has provided sufficient factual allegations for his claim. As the remaining Defendants, I find that the Complaint contains insufficient factual allegations. The R&R will be adopted, and the motion to dismiss will be granted in part and denied in part.

After reviewing the allegations of the complaint, I agree with Magistrate Judge Smyser's recommendations that Plaintiffs fail to allege a factual basis for their claims against Defendants Beard, D. Varner, Dreibelbis, Royer, Flick, and Norvell. As to Defendant Smeal, only Plaintiff Bullock's Eighth Amendment conditions of confinement and First Amendment retaliation claims allege a sufficient factual basis for relief. Therefore, the R&R will be adopted, and Defendants' motion to dismiss be granted, except as to Plaintiff Bullock's conditions of confinement and First Amendment retaliation claims against Defendant Smeal.

### III. Motions for Preliminary Injunctions (ECF Nos. 72, 120, 138)

Plaintiffs Bullock, Sanders, and Stewart's motion for injunctive relief (ECF. No. 72) and Plaintiff Bowen's motion for a TRO (ECF No. 120) both seek injunctive relief on the grounds that the conditions at SCI-Smithfield, as alleged in their Complaint, represent imminent danger to their health and safety. Plaintiffs request that this Court transfer them to other institutions that they have named. Prisoners have no constitutional right to be incarcerated at a particular institution, and prison officials have administrative authority over where inmates are held. *Flanagan v. Shively*, 783 F. Supp. 922, 933 (M.D. Pa. 1992). Prison officials must be given "the freedom to exercise their administrative authority without

16

judicial oversight." *Id.* at 933-34 (quoting *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991)) (other citations omitted). Even if their allegations regarding imminent danger are true,[5] this Court does not have the authority to direct the Pennsylvania Department of Corrections to house Plaintiffs in institutions of their own choosing. To do so would be to interfere with the administrative authority given to the Pennsylvania Department of Corrections to manage its institutions. Because this Court cannot grant the requested relief, the R&R's recommendation that the Plaintiffs' motions be denied will be adopted, and Plaintiffs' motions will be denied.

## CONCLUSION

For the reasons stated above, the recommendations of Magistrate Judge Smyser will be adopted. Plaintiffs Roberts, Tabb, and Hayward's motion for reconsideration will be denied for failure to comply with this Court's orders and procedural rules. Defendants' motion to dismiss a portion of Plaintiffs' claims will be granted, except as Plaintiff Bullock's conditions of confinement and First Amendment retaliation claims against Defendant Smeal. Plaintiffs Bullock, Sanders, and Stewart's motion for a preliminary injunction, along with Plaintiff Bowen's motion for a TRO, will be denied because this Court does not have the authority to grant the relief requested: transfers to specific institutions.

An appropriate order follows.

| | |
|---|---|
| July 20, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

[5] The Court notes that Magistrate Judge Smyser conducted a factual hearing on this issue, and that the R&R recommends factual findings that the Plaintiffs' allegations are not sufficiently supported by evidence. (R&R 19-23.) In light of the conclusion that the remedy sought by Plaintiffs is beyond this Court's authority, I need not consider these findings.

17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO SANDERS, et al.,

    Plaintiffs,

v.

JEFFREY A. BEARD, et al..,

    Defendants.

CIVIL ACTION NO. 3:09-CV-1384

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## ORDER

**NOW**, this ___20th___ day of July, 2010, **IT IS HEREBY ORDERED THAT:**

(1) The Report and Recommendation (ECF No. 140) is **ADOPTED**.

(2) Plaintiffs Mikal Roberts, Bennie Tabb, III, and Yul Hayward's Motion for Reconsideration Pursuant to Rule 59(e) or Rule 60(b) (ECF No. 86) is **DENIED**.

(3) Defendants' Motion Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss *Less Than All* the Claims Set Forth in Plaintiffs' Complaint (ECF No. 102) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) As to Plaintiff Lamont Bullock's claims under the Eighth Amendment for conditions of confinement and the First Amendment against Defendant Paul Smeal, the motion is **DENIED**.

    (b) As to the remainder, the motion is **GRANTED**.

(4) Plaintiffs Lamont Bullock, Alphonso Sanders, and Steve Stewart's Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 72) is **DENIED**.

(5) Plaintiff Dwight Bowen's Supplemental TRO Motion (ECF No. 120) is **DENIED**.

(6) The case is **RECOMMITTED** to Magistrate Judge Smyser for further proceedings.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge