UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO SANDERS, *et al.*,  : CIVIL NO: 3:09-CV-01384
          Plaintiffs         :
                             : (Judge Caputo)
     v.                      :
                             : (Magistrate Judge Smyser)
JEFFREY A. BEARD, *et al.*,  :
          Defendants         :

**REPORT AND RECOMMENDATION**

On July 16, 2009, the plaintiffs[1] commenced this action by filing a complaint.  The plaintiffs claim that certain conditions of their confinement as prisoners at the State Correctional Institution at Smithfield (SCI-Smithfield) violate their constitutional rights.

The plaintiffs allege that there is inadequate ventilation at the prison and that they are exposed to mold, viruses and excessive dust, dirt and smoke.  They allege that

---

1. The complaint was brought by twelve plaintiffs.  However, by an Order dated October 20, 2009, six of the twelve plaintiffs were dismissed after failing to comply with an order to file proper *in forma pauperis* forms.  Thus, there are only six plaintiffs remaining.

there are scabie and methicillin-resistant staphylococcus aureus outbreaks in the prison. They allege that the ventilation system is inadequate. The plaintiffs allege that as a result of these conditions they suffer asthma, bronchitis, rhinitis, COPD, sinusitis, emphysema, conjunctivitis and other medical problems. They allege that the defendants knowingly housed them in unsafe and life-threatening conditions. They allege that the defendants denied them proper medical care for their symptoms. Plaintiff Bullock also alleges that he was transferred to unsanitary cells in retaliation for filing grievances and lawsuits and for complaining about the conditions at SCI-Smithfield.

On September 25, 2009, plaintiff Bullock was granted leave to proceed *in forma pauperis*. *Doc. 51.*

By a Report and Recommendation filed on March 10, 2010, we recommended among other things that the defendants' partial motion to dismiss be granted in part and denied in part and that the plaintiffs be granted leave to file an amended complaint. By a Memorandum and Order filed on July 20, 2010, Judge Caputo adopted the Report and Recommendation. Judge Caputo granted the defendants' motion for partial dismissal to

2

the extent that all claims against defendants Beard, Dorina Varner, Dreibelbis, Royer, Flick and Norvell were dismissed and that all claims against defendant Smeal were dismissed with the exception of plaintiff Bullock's Eighth Amendment conditions-of-confinement claim and First Amendment retaliation claims.[2] Judge Caputo, however, did not mention the filing of an amended complaint. By an Order dated July 22, 2010, we ordered that if an amended complaint is to be filed it must be filed on or before August 23, 2010. The plaintiffs were subsequently granted extensions of time until November 4, 2010 to file an amended complaint.

On April 9, 2010, the defendants filed a motion to revoke plaintiff Bullock's *in forma pauperis* status. The undersigned conducted a hearing on that motion on August 30, 2010. After hearing the evidence presented at the hearing, the undersigned concluded that plaintiff Bullock's allegations of imminent danger of serious physical injury are not credible and

---

2. The defendants' partial motion to dismiss did not seek dismissal of the claims against defendants Art Varner, William Felton, James Fouse or Tim Greenland, and the plaintiff's claims against those defendants have not been dismissed.

3

that plaintiff Bullock was not under imminent danger of serious physical injury at the time the complaint in this case was filed. Accordingly, by an Order dated August 31, 2010, we revoked plaintiff Bullock's *in forma pauperis* status and ordered him to pay the filing fee within thirty days. Since plaintiff Bullock had already paid $14.65 toward the filing fee, we ordered plaintiff Bullock to pay the remaining $335.35 of the filing fee.[3] We stated that if plaintiff Bullock were to fail to pay the filing fee we would recommend that he be dismissed from the case.

Plaintiff Bullock has not paid the filing fee.[4]

---

3. Pursuant to *Hagan v. Rogers*, 570 F.3d 146, 158-159 (3d Cir. 2009), when multiple prisoners file a complaint each must pay the full filing fee.

4. Plaintiff Bullock filed a motion for reconsideration of the Order of August 31, 2010. By a separate Order, we have denied that motion for reconsideration.

4

Since plaintiff Bullock has not paid the filing fee, it is recommended that plaintiff Bullock be dismissed from this case and that plaintiff Bullock's motion (doc. 236) for summary judgment be denied as moot. It is further recommended that the case be remanded to the undersigned for further proceedings on the remaining plaintiffs' claims.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 22, 2010.