# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO SANDERS, et al., | |
| PLAINTIFFS, | No. 3:09-CV-1384 |
| v. | |
| JEFFREY A. BEARD, et al., | (JUDGE CAPUTO) |
| DEFENDANTS. | (MAGISTRATE JUDGE SMYSER) |

## **MEMORANDUM**

Presently before the court is the report and recommendation of Magistrate Judge J. Andrew Smyser, which recommends that Lamont Bullock be dismissed from the case for failing to pay the filing fee. (Doc. No. 290). Bullock objects. For the reasons explained below, the report and recommendation will be adopted.

## **I. Background**

Bullock was granted *in forma pauperis* status in this action on September 25, 2009. On April 9, 2010, the defendants moved to revoke Bullock's *in forma pauperis* status (Doc. No. 164). Under 28 U.S.C. § 1915(g), commonly referred to as the three-strikes provision, a prisoner may not bring a civil action *in forma pauperis* if the prisoner has brought three or more actions in federal courts that have been dismissed as frivolous, malicious, or failing to state a claim "unless the prisoner is under imminent danger of serious physical injury." Because Bullock had accumulated at least "three strikes" against him, he could be permitted to continue the action *in forma pauperis only* if he were in imminent danger of serious physical injury.

1

The court held a hearing on the issue, and the magistrate judge determined that Bullock was not under imminent danger of serious physical injury. (Doc. No. 260.) Bullock's *in forma pauperis* status was revoked, and he was directed to pay the full filing fee or face dismissal from the case.

Bullock failed to pay the filing fee. The magistrate judge recommends that he be dismissed from the case. Bullock objects on two grounds. First, he argues that the magistrate judge had no authority to deny him *in forma pauperis* status under the Magistrates Act. Second, he argues that the defendants' motion was mooted by a memorandum order issued in the case.

## II. Discussion

### A. Legal Standard

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7. Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for

clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B. The Magistrates Act**

Bullock argues that recommending his dismissal from the case contravenes the authority given to magistrate judges. Under 28 U.S.C. § 636,

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Here, the magistrate judge recommended Bullock's dismissal for failing to pay the filing fee, after he determined that Bullock failed to meet the standards for *in forma pauperis* status. Neither determination is inconsistent with the authority given in § 636.

Bullock additionally argues that the magistrate judge acted outside his authority because the case was never referred to the magistrate judge. This contention is unfounded; this district judge referred the matter to be dealt with by a magistrate judge.

**C. The Report and Recommendation Is Not Mooted**

Bullock argues that the court's memorandum and order mooted the defendants' motion to revoke his *in forma pauperis* status because the defendants did not "resubmit" their motion to revoke his status. There are no grounds for this objection; the motion to revoke Bullocks's *in forma pauperis* status was not rendered moot by the court's opinion and order of July 20, 2010.

3

### III. Conclusion

For the reasons stated above, the report and recommendation (Doc. No. 290) will be adopted, Bullock will be dismissed from the case, his pending amended motion for summary judgment will be denied as moot, and the matter will be recommitted to Magistrate Judge Smyser. An appropriate order follows.


| December 13, 2010 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO SANDERS, et al.,

    PLAINTIFFS,

        v.

JEFFREY A. BEARD, et al.,

    DEFENDANTS.

No. 3:09-CV-1384

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## ORDER

**NOW** this 13th day of December, 2010, upon review of the report and recommendation of Magistrate Judge J. Andrew Smyser (Doc. No. 290), **IT IS HEREBY ORDERED** that:

(1)     The report and recommendation (Doc. No. 290) is **ADOPTED.**

(2)     Plaintiff Lamont Bullock is **DISMISSED** from this case and his amended motion for summary judgment (Doc. No. 236) is **DENIED** as moot.

(3)     This case is **RECOMMITTED** to Magistrate Judge Smyser.

                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge