# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO SANDERS, et al, | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-1384 |
| v. | (JUDGE CAPUTO) |
| JEFFREY A. BEARD, et al, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court in this matter are two Motions to Compel Discovery by Plaintiff John Diaz (Docs. 425 & 431) and a Motion for Spoliation Judgment by Plaintiff Dwight Bowen (Doc. 382). Plaintiff Diaz's Motion to Compel Discovery will be denied as the discovery period is closed and because his request is overbroad and seeks no particular documents specifically relevant to this case. Plaintiff Bowen's Motion for Spoliation Judgment will also be denied because it now appears that the documents at issue were not destroyed but have instead been returned to Plaintiff Bowen.

By way of background, this case concerns an Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983. Plaintiffs Alphonso Sanders, Steve Stewart, Anthony Williams, Dwight Bowen, and John Diaz were, at all relevant times, inmates at SCI-Smithfield.[1] In their Complaint, they allege that the Defendants knowingly housed them in unsafe and life-threatening conditions and that the Defendants were also deliberately indifferent to their medical needs. The remaining Defendants include: (1) Art Varner, the

---

[1] Sanders, Stewart and Williams are still incarcerated at SCI-Smithfield. Bowen is now at SCI-Pine Grove and Diaz is incarcerated in Massachusetts.

former SCI-Smithfield Facility Maintenance Manager; (2) James Fouse, the SCI-Smithfield Safety Manager; (3) William Felton, the SCI-Smithfield Maintenance Manager; and (4) Tim Greenland, the SCI-Smithfield Maintenance Manager.  Plaintiffs are seeking compensatory and punitive damages and an injunction.

**I. Plaintiff Diaz's Motions to Compel Discovery (Docs. 425 & 431)**

On January 23, 2012, a pretrial conference was held in this matter.  At that pretrial conference, the Court addressed the issue of missing legal materials.  Allegations of missing or destroyed legal materials have continuously plagued this matter and continue to do so today.  As such, the Court ordered the Defendants to supply a status report on all inmate grievances filed by the Plaintiffs (past and present) pertaining to missing legal materials. (Jan. 25, 2012 Order, Doc. 398.)  The Defendants filed their status report on February 1, 2012.  (Doc. 401.)

Immediately following the January 23, 2012 pretrial conference, it appears that John Diaz sent a letter to the Defendants requesting a copy of his Pennsylvania Department of Corrections file (DC-15), and specifically requesting: (1) medical / metal health records; (2) grievances filed; and (3) request slips submitted.  (Doc. 399.)  In a February 1, 2012 letter, Diaz repeated this request.  (Doc. 404.)  Later, in a letter dated March 15, 2012, Diaz made a further request for the file but also included references to two particular grievances which Diaz represents are relevant to his case.  (Doc. 421.)  On March 20, 2012, the Defendants filed a response to Diaz's letters, stating that while the discovery period was closed, the request was overbroad and overly burdensome.  It appears, however, that the Defendants provided Diaz with medical records, two grievances that implicate the allegations in the Complaint, and a request slip which also pertains to the allegations made in the Complaint.

2

As an initial matter, Diaz's discovery request must fail as discovery has been closed in this action for some time.  Yet, even if this were not the case, Diaz's request for his entire file is overbroad.  Notwithstanding that the file is represented to contain confidential and privileged information, Diaz has made no compelling argument that the entirety of his file would be relevant to his claims or defenses or would be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R .Civ. P. 26(b)(1).  Instead, Diaz's assertion that the Defendants' counsel has a motive to withhold damaging documents does not alone compel such a broad disclosure at this late date.  As such, Diaz's Motion will be denied.

## II.     Plaintiff Bowen's Motion for Spoliation Judgment (Doc. 382)

Bowen argues that the Defendants destroyed several boxes of his legal property including many documents relevant to this matter and that judgment should therefore be entered against the Defendants for spoliation.  Specifically, Bowen believes that while he paid to have three boxes of legal property shipped during a transfer to SCI-Pine Grove on January 13, 2011, the boxes were not shipped but were instead destroyed. (Pl.'s Br. at 1-2, Doc. 382.)

There is no evidence that this property was destroyed, and the Motion will be denied without prejudice.  Instead, in their brief in opposition, the Defendants represent that the documents were sitting in a warehouse awaiting Bowen's payment to have them retrieved. (Defs.' Br. at 4, Doc. 390.)  Similarly, at the January 23, 2012 pretrial conference, the Defendants' Counsel similarly represented that the property had not been destroyed but was in storage.  The Court then directed the aforementioned status order, which subsequently represented that the five boxes of property in question had been forwarded to SCI-Pine Grove, where Plaintiff Bowen is housed.  (Status Report at ¶ 1, Doc. 401.)

The burden of proof on a spoliation claim lies with the party asserting the claim. *Gentex Corp. v. Sutter*, 827 F. Supp. 2d 384 (M.D. Pa. 2011) (Caputo, J.) (citations omitted). Here, there is no proof that any relevant documents were actually destroyed, and there is an affirmative representation that these documents have since been returned to Bowen. Therefore, because there appears to have been no spoliation, Bowen's Motion will be denied.

## **CONCLUSION**

Plaintiff Diaz's Motions to Compel Discovery (Docs. 425 & 431) will be denied as discovery is now closed and they are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff Bowen's Motion for Spoliation Judgment (Doc. 382) will be denied as the allegedly destroyed documents have been returned and there appears to be no spoliation. An appropriate order follows.

| | |
|---|---|
| June 4, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |