**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALPHONSO SANDERS, *et al.*, | CIVIL ACTION NO. 3:09-CV-1384 |
| Plaintiffs, | |
| | (JUDGE CAPUTO) |
| v. | |
| JEFFREY BEARD, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Motions for Reconsideration brought by Plaintiff John Diaz (Doc. 515) and Plaintiffs Dwight Bowen and Anthony Williams (Doc. 521). The moving Plaintiffs seek reconsideration of the Court's April 19, 2013 Memorandum and Order (Docs. 511–512), which granted in part and denied in part the Motion *in Limine* filed by Defendants Art Varner, James Fouse, and William Felton (Doc. 394). As they have not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's April 19, 2013 Memorandum and Order, the moving Plaintiffs' motions will be denied.

## BACKGROUND

Plaintiffs Diaz, Bowen, Williams, Steve Stewart, and Alphonso Sanders were, at all relevant times, incarcerated at the State Correctional Institution at Smithfield in Smithfield, Pennsylvania ("SCI–Smithfield"). Between April 2007 and June 2009, Plaintiffs filed several inmate grievances regarding the prison's ventilation system, air quality, and water quality. On July 16, 2009, Plaintiffs filed a *pro se* complaint bringing Eighth Amendment conditions of confinement and inadequate medical care claims against various Pennsylvania Department of Corrections ("DOC") employees who work or have worked at SCI–Smithfield, including Art Varner, the prison's former Facility Maintenance Manager; James Fouse, the

prison's Safety Manager; and William Felton, the prison's Facility Maintenance Manager.

In a pre-trial memorandum filed on January 18, 2012 (Doc. 393) and a Motion *in Limine* filed the following day (Doc. 394), Defendants argued that Plaintiffs failed to properly exhaust their administrative remedies prior to filing their suit.  Although the Court granted Plaintiffs' request for an extension of time to respond to the motion on February 27, 2012 (Doc. 413), Plaintiffs did not file a response.  A hearing was held on April 15, 2013 to determine whether Plaintiffs exhausted their administrative remedies.  On April 19, 2013, the Court issued a Memorandum and Order granting in part and denying in part Defendants' Motion *in Limine*.  (Docs. 511–512.)  Specifically, the Court dismissed: all claims raised by Plaintiff Williams; all claims brought against Defendant Fouse; Plaintiffs' Eighth Amendment denial of medical care claims; Plaintiffs' Eighth Amendment conditions of confinement claims against Defendants Felton and Varner that were not based on the air quality, water quality, or ventilation system at SCI–Smithfield; and Plaintiffs' claims for monetary damages against Defendants Felton and Varner, except for those raised by Plaintiff Sanders.  These rulings were based on Plaintiffs' failure to exhaust their administrative remedies due to deficiencies in their grievances.

On April 29, 2013, Plaintiff Diaz filed a Motion for Reconsideration of the Court's Memorandum and Order.  (Doc. 515.)  Plaintiffs Bowen and Williams did likewise on May 7, 2013.  (Doc. 521.)  The motions have been briefed and are ripe for disposition.

## DISCUSSION

**I. Legal Standard**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry.  Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order.  "The purpose

2

of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

**II. Plaintiff Diaz's Motion for Reconsideration (Doc. 515)**

In its April 19 2013 Memorandum and Order, the Court dismissed: Plaintiff Diaz's claims against Defendant Fouse, his Eighth Amendment denial of medical care claims, his claims for monetary damages from Defendants Felton and Varner, and his Eighth Amendment conditions of confinement claims against Defendants Felton and Varner that were based on issues not raised in his grievance. These rulings were based on deficiencies in Grievance No. 195311, which Plaintiff Diaz filed on July 27, 2007 and appealed to final review in accordance with the DOC's inmate grievance procedure laid out in DC–ADM 804.

In his Motion for Reconsideration, Plaintiff Diaz contends that he has hundreds of pages of legal documents, including grievances, that were never returned to him after he

3

was moved to his current prison in Massachusetts. (Doc. 515 at 1.) He moves the Court to compel Defendants' counsel to provide him with a copy of his "Pennsylvania grievance file," arguing that the file will show that he has exhausted his administrative remedies and is entitled to sue Defendants Felton and Varner for monetary damages. (*Id.* at 2.) The Court finds this argument to be unavailing and nothing more than an attempt to relitigate a point of disagreement with the Court. This motion to compel discovery, which has been styled as a motion for reconsideration, concerns the "grievance file" that was the subject of two motions to compel discovery that Plaintiff Diaz filed in early 2012. (Docs. 425, 431.) In a Memorandum and Order, dated June 4, 2012 , the Court denied the motions for being overbroad and untimely, as the discovery period had long been closed. (Docs. 443–444.) In light of this ruling, and also because Plaintiff Diaz has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's April 19, 2013 Memorandum and Order, his Motion for Reconsideration (Doc. 515) will be denied.

### III. Plaintiff Bowen and Williams' Motion for Reconsideration (Doc. 521)

#### A. Plaintiff Williams

Plaintiff Williams contends that he was erroneously dismissed from this action because he complained about multiple issues in Grievance No. 226179. (Doc. 521 at 6–7.) However, he has misconstrued the reasons given by the Court for his dismissal. A search by Tracy Williams, a Grievance Review Officer with the DOC's Secretary's Office of Inmate Grievances and Appeals ("SOIGA"),[1] indicated that Plaintiff Williams filed one grievance related to the issues in Plaintiffs' Complaint: Grievance No. 226179. SOIGA dismissed the grievance at the final review stage because Plaintiff Williams, in contravention to the

---

[1] Pursuant to DC–ADM 804, SOIGA provides the third and final level of review for a grievance filed by a Pennsylvania state inmate.

procedures outlined in DC–ADM 804, failed to provide all necessary documentation despite being notified by SOIGA of this deficiency. Because he did not follow the applicable procedures, which "supply the yardstick for measuring procedural default," *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004), he procedurally defaulted, failed to exhaust his administrative remedies with respect to Grievance No. 226179, and cannot bring claims arising from that grievance. As he has not filed any other relevant grievances prior to instituting this action, he was properly dismissed from it. Thus, because Plaintiff Williams has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of his claims, the Motion for Reconsideration (Doc. 521) will be denied with respect to him.

**B. Plaintiff Bowen**

**1. Failure to Properly and Fully Appeal Grievance No. 270740**

Plaintiff Bowen contends that the Court erred in dismissing his claims arising from Grievance No. 270740 because he was not culpable in its dismissal.[2] (Doc. 521 at 4.) He claims that SCI–Smithfield's library staff is responsible for his failure to exhaust his administrative remedies, as they did not give him copies of relevant documents that he requested. (*Id.*) In support, he provides an inmate request form, dated July 15, 2009, in which he seeks missing copies of documents related to various grievances, including Grievance No. 270740, that he provided to the library staff on July 8, 2009. (Doc. 521, Ex. A.) The form also includes the staff response, dated July 22, 2009, stating that any missing copies will be replaced. (*Id.*) This evidence, which could have been raised at the exhaustion hearing but was not, is insufficient to show that SCI–Smithfield's library staff is

---

[2] SOIGA dismissed Grievance No. 270740 at the final review stage because Plaintiff Bowen did not provide all required documentation, despite being notified by SOIGA of this deficiency.

responsible for Plaintiff Bowen's failure to exhaust his administrative remedies.[3]  Therefore, because Plaintiff Bowen has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of his claims arising from Grievance No. 270740, the Motion for Reconsideration (Doc. 521) will be denied with respect to that ruling.

### 2. Failure to Mention Defendant Fouse

Plaintiff Bowen also argues that Defendant Fouse should remain in this case, as his failure to mention Defendant Fouse in Grievance No. 270740 is excusable because the prison identified him during the internal grievance review process. (Doc. 521 at 2–3.) He correctly notes that a prison can excuse an inmate's procedural default of this sort by "identifying the unidentified [prison officials] and acknowledging that they were fairly within the compass of the prisoner's grievance." *Spruill*, 327 F.3d at 234. Although Defendant Fouse was identified as "within the compass" of Grievance No. 270740, that grievance and all claims deriving from it are no longer within the scope of this action due to Plaintiff Bowen's failure to exhaust his administrative remedies. Defendant Fouse has not been identified in any other grievances or internal reviews of grievances; thus, he is not within the ambit of this action. Therefore, because Plaintiff Bowen has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of Defendant Fouse, the Motion for Reconsideration (Doc. 521) will be denied with respect to that ruling.

### 3. Failure to Request Monetary Damages

Finally, Plaintiff Bowen contends that he should be allowed to sue Defendants for

---

[3] SOIGA's final decision, dated July 20, 2009, indicates that Plaintiff Bowen's appeal regarding Grievance No. 270740 was dismissed because he submitted additional correspondence that lacked the missing documentation identified by SOIGA in its notice. SOIGA received that correspondence on July 6, 2009, days before Plaintiff Bowen gave documents to the prison library staff to copy.

monetary damages despite his failure to request such relief in Grievance No. 276814, the only pertinent grievance that he fully and properly appealed to final review.[4] However, DC–ADM 804 requires an inmate who "desires compensation or other legal relief normally available from a court" to request that specific relief in his initial grievance. As Plaintiff Bowen did not specifically request monetary damages in Grievance No. 276814, he procedurally defaulted, failed to exhaust his administrative remedies in this regard, and cannot bring a claim for monetary damages against Defendants. *See Jones v. Bock*, 549 U.S. 199, 212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *see also id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements . . . that define the boundaries of proper exhaustion.") Thus, because Plaintiff Bowen has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of his claim for damages, the Motion for Reconsideration (Doc. 521) will be denied with respect to that ruling.

## **CONCLUSION**

Because the moving Plaintiffs have not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's April 19, 2013 Memorandum and Order, their Motions for Reconsideration (Docs. 515, 521) will be denied. An appropriate order follows.

June 13, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

[4] Although Plaintiff Bowen requested monetary damages in Grievance No. 270740, that grievance is no longer relevant to this action.