# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO SANDERS, *et al.*, | CIVIL ACTION NO. 3:09-CV-1384 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| JEFFREY BEARD, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are a Motion for Reconsideration brought by Plaintiff Steve Stewart (Doc. 535) and a Motion to Vacate brought by Plaintiff John Diaz (Doc. 531). Plaintiff Stewart seeks reconsideration of the Court's April 19, 2013 Memorandum and Order (Docs. 511–512), which, *inter alia*, dismissed Defendant James Fouse from this action. Plaintiff Diaz asks the Court to vacate its June 13, 2013 Memorandum and Order (Docs. 527–528), which denied his Motion for Reconsideration of the Court's April 19, 2013 Memorandum and Order.[1] As the moving Plaintiffs have not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's April 19, 2013 Memorandum and Order or June 13, 2013 Memorandum and Order, their motions will be denied.

## BACKGROUND

Plaintiffs Diaz, Stewart, Dwight Bowen, Anthony Williams, and Alphonso Sanders were, at all relevant times, incarcerated at the State Correctional Institution at Smithfield in Smithfield, Pennsylvania ("SCI–Smithfield"). Between April 2007 and June 2009, Plaintiffs

---

[1] The Court will construe Plaintiff Diaz's motion as a Motion for Reconsideration rather than a Motion to Vacate, as the Court's June 13, 2013 Memorandum and Order is not a "final judgment, order, or proceeding" pursuant to Federal Rule of Civil Procedure 60(b).

filed several inmate grievances regarding the prison's ventilation system, air quality, and water quality. On July 16, 2009, Plaintiffs filed a *pro se* complaint bringing Eighth Amendment conditions of confinement and inadequate medical care claims against various Pennsylvania Department of Corrections ("DOC") employees who work or have worked at SCI–Smithfield, including Art Varner, the prison's former Facility Maintenance Manager; James Fouse, the prison's Safety Manager; and William Felton, the prison's Facility Maintenance Manager.

In a pre-trial memorandum filed on January 18, 2012 (Doc. 393) and a Motion *in Limine* filed the following day (Doc. 394), Defendants argued that Plaintiffs failed to properly exhaust their administrative remedies prior to filing suit. Plaintiffs did not file a response to the motion. A hearing was held on April 15, 2013 to determine whether Plaintiffs exhausted their administrative remedies. On April 19, 2013, the Court issued a Memorandum and Order granting in part and denying in part Defendants' Motion *in Limine*. (Docs. 511–512.) Specifically, the Court dismissed: all claims raised by Plaintiff Williams; all claims brought against Defendant Fouse; Plaintiffs' Eighth Amendment denial of medical care claims; Plaintiffs' Eighth Amendment conditions of confinement claims against Defendants Felton and Varner that were not based on the air quality, water quality, or ventilation system at SCI–Smithfield; and Plaintiffs' claims for monetary damages against Defendants Felton and Varner, except for those raised by Plaintiff Sanders. These rulings were based on Plaintiffs' failure to exhaust their administrative remedies due to deficiencies in their grievances.

On April 29, 2013, Plaintiff Diaz filed a Motion for Reconsideration of the Court's Memorandum and Order (Doc. 515); Plaintiffs Bowen and Williams did likewise on May 7, 2013 (Doc. 521).[2] On June 13, 2013, the Court issued a Memorandum and Order denying

---

[2] On April 29, 2013, Plaintiff Stewart filed a Motion for An Extension of Time to file a Motion for Reconsideration of the Court's April 19, 2013 Memorandum and Order. (Doc. 517.) The Court granted the motion on May 1, 2013 and allowed

2

the reconsideration motions. (Docs. 527–528.)

On June 25, 2013, Plaintiff Diaz filed a Motion to Vacate the Court's June 13, 2013 Order. (Doc. 531.) On June 26, 2013, Plaintiff Stewart filed a Motion for Reconsideration of the Court's April 19, 2013 Memorandum and Order (Doc. 535) that is identical to his June 10, 2013 reconsideration motion (Doc. 525).

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry. Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have

---

Plaintiff Stewart to file a reconsideration motion within twenty days. (Doc. 519.) However, he did not do so until June 10, 2013 (Doc. 525), and the Court struck the motion from the record as untimely (Doc. 526).

been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

## DISCUSSION

### I. Plaintiff Diaz's Motion to Vacate (Doc. 531)

In its April 19, 2013 Memorandum and Order, the Court dismissed: Plaintiff Diaz's claims against Defendant Fouse, his Eighth Amendment denial of medical care claims, his claims for monetary damages from Defendants Felton and Varner, and his Eighth Amendment conditions of confinement claims against Defendants Felton and Varner that were based on issues not raised in his grievance. These rulings were based on deficiencies in Grievance No. 195311, which Plaintiff Diaz filed on July 27, 2007 and appealed to final review in accordance with the DOC's inmate grievance procedure laid out in DC–ADM 804.

In his Motion for Reconsideration of the Court's April 19, 2013 Memorandum and Order, Plaintiff Diaz asked the Court to compel Defendants' counsel to provide him with a copy of his "Pennsylvania grievance file." (Doc. 515 at 1–2.) He asserted that the file, which purportedly contains numerous legal documents and grievances that were never returned to him following his transfer to a Massachusetts prison, shows that he exhausted his administrative remedies and may sue Defendants Felton and Varner for monetary damages. (*Id.* at 2.) This argument was nearly identical to those advanced in two motions to compel discovery filed by Plaintiff Diaz in early 2012 (Docs. 425, 431), which the Court denied in June 2012 for being overbroad and untimely, as the discovery period had long been closed. (Docs. 443–444.) In light of its prior ruling, the Court denied Plaintiff Diaz's reconsideration motion in its June 13, 2013 Memorandum and Order. (Docs. 527–528.)

In his Motion to Vacate the Court's June 13, 2013 Memorandum and Order, Plaintiff

4

Diaz asks the Court to reconsider its dismissal of his claims for monetary damages from Defendants Felton and Varner. (Doc. 531.) In support, he supplies Grievance No. 259534, filed at SCI–Smithfield on January 27, 2009, in which he requests that the air filters in the prison's ventilation system be changed and seeks "all available court relief." (Doc. 534.)

However, this grievance does not provide a sufficient basis for the Court to vacate its prior rulings and allow Plaintiff Diaz to sue Defendants Felton and Varner for monetary damages. Plaintiff Diaz has not asserted that he fully and properly appealed Grievance No. 259534 to final review, nor has he provided any evidence that would support such an assertion. Additionally, a search by Tracy Williams, a Grievance Review Officer for the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"),[3] indicates that Grievance No. 195311 was the only grievance that Plaintiff Diaz appealed to final review prior to instituting this action. (Doc. 395, Ex. A.) Thus, Grievance No. 259534 or any possible claims arising from it, including claims for monetary damages, are not within the scope of this action due to his failure to exhaust that grievance. Therefore, because Plaintiff Diaz has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of his claim for damages, his Motion to Vacate (Doc. 531) will be denied.

## II. Plaintiff Stewart's Motion for Reconsideration[4] (Doc. 535)

In its April 19, 2013 Memorandum and Order, the Court dismissed: Plaintiff Stewart's claims against Defendant Fouse, his Eighth Amendment denial of medical care claims, his

---

[3] SOIGA serves as the third and final level of review for an inmate's grievance in the DOC's DC–ADM 804 procedure.

[4] Local Rule 7.10 provides that any motion for reconsideration "must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. . . ." Plaintiff Stewart's motion filed on June 26, 2013 (Doc. 535) seeks reconsideration of the Court's Memorandum and Order of April 19, 2013 (Docs. 527–528). Although his motion is untimely, the Court will address it on its merits.

claims for monetary damages from Defendants Felton and Varner, and his Eighth Amendment conditions of confinement claims against Defendants Felton and Varner that were based on issues not raised in his grievance. These rulings were based on deficiencies in Grievance No. 184834, which Plaintiff Stewart filed on April 16, 2007 and appealed to final review in accordance with the DC–ADM 804 inmate grievance procedures.

In his untimely Motion for Reconsideration, Plaintiff Stewart argues that Defendant Fouse should remain in this case, as he was the lone prison official who investigated Grievance No. 270740, filed by Plaintiff Bowen on April 28, 2009, and therefore acted under color of state law.[5] (Doc. 535.) Although prison officials at SCI–Smithfield identified Defendant Fouse as "within the compass" of Grievance No. 270740, that grievance and all claims based on it are no longer within the scope of this action due to Plaintiff Bowen's failure to properly and fully appeal it to final review. Defendant Fouse has not been named in any inmate grievances relevant to this action, including Plaintiff Stewart's Grievance No. 184834, nor has he been identified by prison officials in the internal reviews of those grievances; thus, he is not within the ambit of this action. Therefore, because Plaintiff Stewart has not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of Defendant Fouse, his Motion for Reconsideration (Doc. 535) will be denied.

## **CONCLUSION**

Because the moving Plaintiffs have not presented an intervening change in controlling law, presented any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's April 19, 2013 Memorandum and Order or June 13, 2013

---

[5] This case was brought pursuant to 42 U.S.C. 1983, which provides, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

Memorandum and Order, Plaintiff Diaz's Motion to Vacate (Doc. 531) and Plaintiff Stewart's Motion for Reconsideration (Doc. 535) will be denied.

An appropriate order follows.

July 1, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge